# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2021

Lyle W. Cayce
Clerk

No. 20-60680
Summary Calendar

JOAQUIN ERNESTO RAMOS-MARTINEZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 855 806

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Joaquin Ernesto Ramos-Martinez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ) denial of his application for withholding of removal. He argues that the BIA erred in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

affirming the IJ's adverse credibility finding and that the BIA and IJ violated his due process rights.

This court reviews the BIA's decision and the IJ's ruling, to the extent it affects the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review factual findings for substantial evidence and legal questions de novo. *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Under substantial evidence review, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (quotation marks and citation omitted).

Substantial evidence supports the adverse credibility determination because Ramos-Martinez's testimony at his merits hearing conflicted with both his earlier testimony at his credible fear interview and his daughter's statement regarding whether he was home when two men came to his house to threaten him. *Avelar-Oliva v. Barr*, 954 F.3d 757, 767-68 (5th Cir. 2020). Contrary to Ramos-Martinez's assertion, the record does not compel a conclusion that the IJ and BIA should have given less weight to his credible fear interview since he was being detained at the time. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1060-61 (5th Cir. 2020).

As to Ramos-Martinez's argument that he was deprived of his due process right to a fair hearing, he did not exhaust this claim before the BIA. A due process claim is not subject to exhaustion unless it implicates a procedural error correctable by the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). To the extent Ramos-Martinez alleges an unexhausted procedural error "couched in terms of due process," we do not have jurisdiction to consider it. *Id.* To the extent he attempts to assert a true due process claim that is not subject to exhaustion, he has abandoned his claim by

No. 20-60680

failing to meaningfully brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, Ramos-Martinez's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.